# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY NEWBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:18-CV-1744-RLW |
| | ) |
| KEITH REPKO, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action for medical negligence against employees of the John Cochran Veterans Affairs Medical Center ("VAMC") under the Federal Tort Claims Act ("FTCA"). The motion is granted. Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

### The Complaint

Construed liberally, plaintiff brings this case under the FTCA, alleging medical personnel at the John Cochran Veterans' Affairs Medical Center in St. Louis ("VAMC") negligently treated his ear condition on October 8, 2015. Plaintiff also alleges he was discriminated against based on his age, race, and disabilities. He alleges a "violation of my patient rights" because documents were withheld from him in an alleged attempt to cover up the VAMC's allegedly negligent treatment of him.

Plaintiff states he presented at the VAMC outpatient clinic on October 8, 2015 for a routine ear wax cleaning. Defendant Shautley Ray, LPN subjected him to a traumatic ear cleaning, which he describes as follows:[1]

> During the procedure, I was burned with scalding hot water, both my ears were in so much pain and throbbing as if on fire or as if I was in surgery with no anesthesia. I felt my right ear being punctured. I suffered severe trauma, was in a state of shock. The LPN took 2 pieces of tissue out of my ear with a plastic spear. She showed me the tissue and spear. [Hand drawn illustration] . . . I suffered severe pain, trauma, recurring infections, chills, fever, my face was swollen and looked disfigured as if I had a stroke. I still have chronic ear pain and can feel the

---

[1] Plaintiff refers to defendant Shautley Ray, LPN as "Ray Shautley, LPN." Based on the 113 pages of medical records and documents attached to plaintiff's compliant, defendant Ray is a female licensed practical nurse named Shautley Ray. The Court docket correctly refers to Shautley Ray, LPN.
 Also, plaintiff identifies his attending physician as "Dr. Ouadir Mohammad." Based on the attached documentation and medical records, defendant is Dr. Mohammad Qadir. The Court will correct the docket sheet to reflect this.
 Finally, plaintiff has identified defendant "St. Louis, MO VAMC Veterans Administration Medical Center." The Court will correct the docket sheet to reflect the defendant as "St. Louis, MO Veterans Affairs Medical Center."

scar tissue in my ear when I move my head or my neck. I have constant earaches. I still fear for my life that some day I'll have more complications from my traumatic ear injury. I had a hole in my ear. My injures were not properly documented. In their rush to cover up their mistakes and wrongdoing, the VA allowed me to suffer. I could have died had I not went to VAMC emergency on November 8, 2015.

I was told by emergency room attendant the infection could have spread to my heart or lungs and could've killed me. In that case the VAMC St. Louis would have gotten away with medical malpractice resulting in death.

In plaintiff's administrative claim, he provides the following additional details

I went to VA clinic . . . for a routine ear cleaning that went horribly wrong. Although procedure usually takes 10 to 15 minutes, I was in office 2 hours. My right ear was mutilated by LPN [Shautley Ray]. Took over 4 months to heal, left me with a lesion in my ear, recurring infections, facial swelling, and paralysis. It took multiple medications and antibiotics. The injury left my face disfigured and the procedure left me in severe pain and discomfort. No one even put a bandage or ointment on my ear.

ECF No. 1-1 at 93.[2]

For damages, plaintiff seeks $5 million in compensatory damages and $10 million in punitive damages.

## Discussion

The FTCA waives the United States' sovereign immunity for certain torts committed by federal employees while acting within the scope of their employment. See 28 U.S.C. § 1346(b)(1). Liberally construed, plaintiff has stated a plausible claim of negligence against the medical care providers who treated plaintiff's ear condition at the VAMC on October 8, 2015. Based on plaintiff's complaint and the 113 pages of attached documentation, these individuals

---

[2] Additional documentation, from an unknown source but filed as an attachment to plaintiff's complaint, reveals the possibility that plaintiff might have had Ramsay Hunt Syndrome, which occurs when a shingles outbreak affects the facial nerve near an ear. *See* ECF No. 1-1 at 89-91; *see also* https://www.mayoclinic.org/diseases-conditions/ramsay-hunt-syndrome This document presents the possibility that the ulcerated lesion in plaintiff's ear canal, described as a pimple or blister, was a vesticle lesion from shingles. *See* ECF No. 1-1 at 89-91.

are LPN Shautley Ray and attending physician Dr. Mohammad Qadir. The Court will order process to issue upon these individuals and their employer, the VAMC.

Plaintiff has made no allegations of medical negligence against any other individual defendants, specifically Keith Repko, Patricia McKelvey, Cheryl Anderson, Suzzane Blaylock, Jennifer Roberts, Angie Nicholson, and Jock Holmes. Nor has plaintiff alleged any constitutional violations by these individuals. Because plaintiff's complaint makes no allegations of negligence or constitutional violations against these individuals, they will be dismissed without prejudice under 28 U.S.C. § 1915(e).

Plaintiff has not stated a plausible claim for age, race, or disability discrimination. His only allegation of discrimination is listed on the civil complaint form under "[f]ederal question." Here, plaintiff states "I was discriminated against based on my age, race, and disability, disabilities, treated with bias, bigotry, deceit and deception, [and] total disrespect." Beyond this conclusory allegation, however, plaintiff has provided no facts to support any claim of discrimination. He does not allege his race, his age, or his disability; he does he allege any acts of discrimination on these bases. Plaintiff's conclusory allegations regarding discrimination by defendants are inadequate to survive initial review under § 1915(e), and will be dismissed. *See Iqbal*, 556 U.S. at 678.

Likewise, plaintiff's allegations regarding violation of his patient rights and violation of substantive and procedural due process do not survive initial review under § 1915(e). Again, on the civil complaint form, underneath the heading "[f]ederal question," plaintiff states "violation of my patient rights, violation of my civil rights, violation of my rights to due process of law both procedural and substantive." This is the only reference to violation of these rights in the complaint. Plaintiff's statement of the claim and the attached documentation allege no facts that

would support such a claim. The attached documentation shows only that plaintiff vehemently disagreed with defendant Shautley Ray's notes and the medical documentation of his injury, and sought to have these records amended. The Court finds these allegations insufficient to state a claim of patient rights violations and due process violations under the Fourteenth Amendment, and these claims will be dismissed under § 1915(e).

Finally, plaintiff has filed a motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in civil cases. *See Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005. After considering these factors, the Court finds that the facts and legal issues involved are not so complicated that the appointment of counsel is warranted at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED without prejudice**. [ECF No. 3]

**IT IS FURTHER ORDERED** that the Clerk of Court shall correct defendant Dr. Mohammad Qadir's name on the docket sheet and defendant St. Louis, MO Veterans Affairs Medical Center as stated in footnote 1, *supra*.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon the complaint as to defendants St. Louis, MO Veterans Affairs Medical Center, Dr. Mohammad Qadir, and LPN Shautley Ray, pursuant to Federal Rule of Civil Procedure 4(i).

**IT IS FURTHER ORDERED** that the following defendants are **DISMISSED without prejudice**: Keith Repko, Patricia McKelvey, Cheryl Anderson, Suzzane Blaylock, Jennifer Roberts, Angie Nicholson, and Jock Holmes. *See* 28 U.S.C. § 1915(e).

**IT IS FURTHER ORDERED** that plaintiff's claims of violation of his patient rights and violation of his due process rights are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e).

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of January, 2019.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE