**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| LARRY NEWBURN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

No. 4:18CV1744 RLW

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Larry Newburn's letter received April 16, 2020 (ECF No. 21), which the Court construes as a motion to reconsider.  Plaintiff objects to the Court's prior Orders dismissing Defendants Keith Repko, Patricia McKelvey, Cheryl Anderson, Suzzane Blaylock, Jennifer Roberts, Angie Nicholson, Jock Holmes, Dr. Mohammad Qadir, LPN Shautley Ray.  (ECF Nos. 5 & 18)

A "motion to reconsider" is not explicitly contemplated by the Federal Rules of Civil Procedure but can be addressed as arising under Rule 59(e) or 60(b).  *Elder-Keep v. Aksamit*, 460 F.3d 979, 984 (8th Cir. 2006); *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999); *see also Harris v. United States*, No. 4:18-CV-1546-JAR, 2018 WL 6305593, at \*1 (E.D. Mo. Dec. 3, 2018) (motion to reconsider "can be considered the functional equivalent of a motion under either Rule 59(e) or 60(b)").  Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence and allow a court to correct its own mistakes in the time immediately following judgment.  *Harris v. United States*, No. 4:18-CV-1546-JAR, 2018 WL 6305593, at \*1 (E.D. Mo. Dec. 3, 2018) (citing *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir.

1998)). Rule 59(e) motions cannot be used to relitigate old matters or to raise new arguments, tender new legal theories, or present evidence that could have been offered or raised before the entry of judgment. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008). A Rule 59(e) motion "is not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in extraordinary circumstances." *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1104 (E.D. Mo. 2013) (internal quotation marks and citation omitted) (emphasis in original). Rule 60(b) allows a court to "relieve a party from a final judgment for, among other reasons, mistake, inadvertence, surprise, or excusable neglect." *MIF Realty L.P. v. Rochester Assocs.*, 92 F.3d 752, 755 (8th Cir. 1996). Rule 60(b) provides for "extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *U.S. Xpress Enters., Inc. v. J.B. Hunt Transp., Inc.*, 320 F.3d 809, 815 (8th Cir. 2003).

Plaintiff does not offer any legal argument that the Court erred in dismissing the originally named defendants for the reasons explained in the accompanying Memoranda and Orders (ECF Nos. 4 & 17). Rather, he seems to believe his entire case has been dismissed. He is mistaken. As the Court explained, Plaintiff's claims are directed at the actions of federal employees who were acting within the scope of their employment with a division of a federal agency. Pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2679(a) and (d)(1), the proper entity for Plaintiff's claim is the United States of America. The Court, accordingly, substituted the United States as the proper defendant in this matter. (ECF No. 17)

The United States has since filed a Motion to Dismiss and accompanying Memorandum in Support. (ECF Nos. 19 & 20) According to the certificates of service, both documents were mailed to Plaintiff. Pursuant to this district's Local Rules, "each party opposing a motion (other than a motion seeking an extension of time) must file, within fourteen (14) days after service of

the motion, a single memorandum containing any relevant argument and citations to authorities on which the party relies."[1] E.D.Mo. L.R. 4.01(B). In light of Plaintiff's *pro se* status, and for the reasons he states in the instant motion to reconsider, the Court finds it appropriate to *sua sponte* grant him an extension of time to file any response.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Larry Newburn's letter received April 16, 2020 (ECF No. 21), which the Court construes as a motion to reconsider, is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file any response to the pending Motion to Dismiss (ECF No. 19) no later than May 8, 2020.

**IT IS FINALLY ORDERED** that the Clerk of Court shall mail a copy of this Memorandum Order to Plaintiff via regular mail and UPS.

Dated this 25th day of April, 2020.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

---

[1] This district's local rules are available on the district's website. *Local Rules*, U.S. Dist. Ct. for the E. Dist. of Mo., https://www.moed.uscourts.gov/local-rules.