# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY NEWBURN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:18-CV-1744 RLW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant United States of America's Motion to Dismiss. Self-represented Plaintiff Larry Newburn opposes the motion and it is fully briefed. For the following reasons, the Motion to Dismiss must be granted and this case will be dismissed without prejudice.

## I. Factual and Procedural Background

Construed liberally, Plaintiff brings this case under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. ("FTCA"), alleging medical malpractice by personnel at the John Cochran Veterans' Affairs Medical Center in St. Louis ("VAMC") who negligently treated his ear condition on October 8, 2015. Plaintiff states he presented at the VAMC outpatient clinic on October 8, 2015 for a routine ear wax cleaning and Shautley Ray, LPN subjected him to a traumatic ear cleaning, which the Complaint describes as follows:

> During the procedure, I was burned with scalding hot water, both my ears were in so much pain and throbbing as if on fire or as if I was in surgery with no anesthesia. I felt my right ear being punctured. I suffered severe trauma, was in a state of shock. The LPN took 2 pieces of tissue out of my ear with a plastic spear. She showed me the tissue and spear. [Hand drawn illustration] . . . I suffered severe pain, trauma, recurring infections, chills, fever, my face was swollen and looked disfigured as if I had a stroke. I still have chronic ear pain and can feel the scar tissue in my ear when I move my head or my neck. I have constant earaches. I still fear for my life that some day I'll have more

> complications from my traumatic ear injury. I had a hole in my ear. My injures were not properly documented. In their rush to cover up their mistakes and wrongdoing, the VA allowed me to suffer. I could have died had I not went to VAMC emergency on November 8, 2015.
>
> I was told by emergency room attendant the infection could have spread to my heart or lungs and could've killed me. In that case the VAMC St. Louis would have gotten away with medical malpractice resulting in death.

(ECF No. 1 at 5.)

Plaintiff's administrative claim submitted to the U.S. Department of Veterans Affairs provides the following additional details:

> I went to VA clinic . . . for a routine ear cleaning that went horribly wrong. Although procedure usually takes 10 to 15 minutes, I was in office 2 hours. My right ear was mutilated by LPN [Shautley Ray]. Took over 4 months to heal, left me with a lesion in my ear, recurring infections, facial swelling, and paralysis. It took multiple medications and antibiotics. The injury left my face disfigured and the procedure left me in severe pain and discomfort. No one even put a bandage or ointment on my ear.

(ECF No. 1-1 at 93.) Plaintiff seeks $5 million in compensatory damages and $10 million in punitive damages. (ECF No. 1 at 5.)

On initial review of Plaintiff's Complaint under 28 U.S.C. § 1915(e), the Court dismissed without prejudice Plaintiff's claims against individual defendants Keith Repko, Patricia McKelvey, Cheryl Anderson, Suzzane Blaylock, Jennifer Roberts, Angie Nicholson, and Jock Holmes; and Plaintiff's claims for age, race, or disability discrimination, violation of his patient rights, and violation of substantive and procedural due process. (ECF No. 4 at 4-5.) The Court ordered process to issue on defendants VAMC, Dr. Mohammad Qadir, and LPN Shautley Ray. (Id. at 3-4.)

The Court later granted the United States of America's Motions to Dismiss and for Substitution of the United States of America as Defendant. (ECF No. 17.) The United States Attorney for the Eastern District of Missouri certified that Defendants Qadir and Ray were acting

2

within the scope of their employment with the VAMC at the time of the incident from which Plaintiff's suit arises. Because the VAMC is a division of a federal agency–the Department of Veterans Affairs–the proper defendant for Plaintiff's claim under the FTCA is the United States of America. 28 U.S.C. §§ 2679(a), (d)(l). The Court accordingly dismissed Defendants VAMC, Dr. Mohammad Qadir, and LPN Shautley Ray from the case and substituted in their place the United States of America ("Defendant"). (ECF No. 17 at 1-2.)

**II. Discussion**

Defendant moves to dismiss Plaintiff's Complaint for medical malpractice under the FTCA on the basis that Plaintiff has failed to file an affidavit stating he has obtained the written opinion of a legally qualified health care provider that the health care providers, Dr. Qadir and LPN Ray, failed to use such care as a reasonably prudent and careful health care provider would have used under similar circumstances, and that such failure directly caused or contributed to the damages Plaintiff claims.

The FTCA is the exclusive remedy for the negligent or wrongful acts of federal employees committed while acting within the scope of their employment. 28 U.S.C. § 2679(b)(1); United States v. Smith, 499 U.S. 160, 161 (1991). Essentially, the FTCA acts as a waiver of federal sovereign immunity and vests in the district court jurisdiction over claims arising out of the Act. 29 U.S.C. § 1346(b). Under the FTCA, the United States shall be liable "in the same manner and to the same extent as a private individual under like circumstances" would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. § 2674; 28 U.S.C. § 1346(b).

Consequently, in this case, the Court must apply the law of Missouri, as it is the state in which the acts complained of occurred. See 28 U.S.C. § 1346(b); FDIC v. Meyer, 510 U.S.

471, 478 (1994); Mackovich v. United States, 630 F.3d 1134, 1134 (8th Cir. 2011) (per curiam). Section 538.225 of the Missouri Revised Statutes (2010) requires a plaintiff to file an affidavit attesting to the merits of any action against a health care provider. Devitre v. Orthopedic Ctr. of St. Louis, LLC, 349 S.W.3d 327, 331 (Mo. 2011) (en banc). This requirement applies to claims in federal court asserting medical malpractice under the FTCA. See Mackovich, 630 F.3d at 1135 (affirming dismissal of FTCA medical malpractice claim for failure to provide health care affidavit); LaFromboise v. Leavitt, 439 F.3d 792, 792 (8th Cir. 2006) (same).

> The relevant portions of § 538.225 provide:
>
> 1. In any action against a health care provider for damages for personal injury or death on account of the rendering of or failure to render health care services, the plaintiff or the plaintiff's attorney shall file an affidavit with the court stating that he or she has obtained the written opinion of a legally qualified health care provider which states that the defendant health care provider failed to use such care as a reasonably prudent and careful health care provider would have under similar circumstances and that such failure to use such reasonable care directly caused or directly contributed to cause the damages claimed in the petition.
> . . . .
>
> 5. Such affidavit shall be filed no later than ninety days after the filing of the petition unless the court, for good cause shown, orders that such time be extended for a period of time not to exceed an additional ninety days.
>
> 6. If the plaintiff or his attorney fails to file such affidavit the court shall, upon motion of any party, dismiss the action against such moving party without prejudice.

Section 538.225, Mo. Rev. Stat.

Missouri courts apply a two-part test to determine whether a plaintiff is required to file a health care affidavit under the statute. Devitre, 349 S.W.3d at 331-32. First, it must be determined whether the relationship between the relevant parties is that of health care provider and recipient. Id. Second, it must be determined whether the true claim relates solely to the provision of health care services. Id. at 332; Crider v. Barnes-Jewish St. Peters Hosp., Inc., 363

4

S.W.3d 127, 130 (Mo. Ct. App. 2012). "This analysis applies regardless of how the plaintiff characterizes his or her claims." Devitre, 349 S.W.3d at 331-32 (internal citation and quoted case omitted).

Here, both parts of the test are met, as there is no dispute that the relationship between the parties is that of health care provider and recipient, and Plaintiff's claim for medical malpractice relates solely to the provision of health care services. Plaintiff filed this case on October 12, 2018. Since that time, Plaintiff has not filed the health care affidavit required by § 538.225. Pursuant to § 538.225.6, this Court is required to dismiss the action without prejudice, upon motion of any party. Thomas v. Miller, 447 S.W.3d 667, 672 (Mo. Ct. App. 2014). The statute makes such a dismissal mandatory. Id.

Plaintiff's opposition to the Motion to Dismiss takes issue with the Court's prior dismissal of some of his claims under 28 U.S.C. § 1915(e), reiterates his injuries, and alleges that VAMC staff and the U.S. Attorney's Office have lied about his case and are engaged in a coverup. (ECF No. 23.) Plaintiff's opposition does not address the issue of the required health care affidavit.

The United States of America's Motion to Dismiss must therefore be granted. See § 538.225, Mo. Rev. Stat. Pursuant to the statute, the dismissal is without prejudice.

### III. Conclusion

For the foregoing reasons, this case must be dismissed without prejudice for failure to file the health care affidavit required by § 538.225, Missouri Revised Statutes.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States of America's Motion to Dismiss is **GRANTED**. [ECF No. 19]

An appropriate Order of Dismissal will accompany this Memorandum and Order.

*[signature]*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 20th day of May, 2020.